# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL CASE NO. |
| v. | ) | 2:18cr122-MHT |
| | ) | (WO) |
| TIMOTHY ANDRE ENGLISH | ) | |

## PRELIMINARY ORDER OF FORFEITURE

Before the court is the government's motion for a preliminary order of forfeiture (doc. no. 32). The government gave notice to defendant Timothy Andre English in the indictment (doc. no.1) that it would seek forfeiture of all property used or intended to be used in any manner or part to commit and facilitate the commission of the offenses in violation of 18 U.S.C. § 922(g)(1). Defendant English consents to the forfeiture of the property in his plea agreement (doc. no. 27 at 4).

Accordingly, it is ORDERED that the government's motion (doc. no. 32) is granted. It is further ORDERED as follows:

1. As a result of the guilty plea on Count 1 of the indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) by 28 U.S.C. § 2461(c), any and all firearms and ammunition involved in the commission of the offenses in violation of 18 U.S.C. § 922(g)(1).

2. The court has determined that the following property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) by 28 U.S.C. § 2461(c); that the defendant has an interest in such property; and, that the United States has established the requisite nexus between such property and such offenses:

(a) Bushmaster Firearms, model XM15-E2S, .223 caliber rifle, bearing serial number BK1502612;

(b) Marlin Firearms Co., model 30AW, 30-30 caliber rifle, bearing serial number 09027216;

(c) Remington Arms Co., model 7400, .270 caliber rifle, bearing serial number 8387736;

(d) New England Firearms, model Pardner, .410 gauge shotgun, bearing serial number NT222466;

(e) Harrington and Richardson, model 88, .410 gauge shotgun, bearing serial number AX436667;

(f) Marlin Firearms Co., model 200, .410 gauge shotgun, bearing serial number KN125656;

(g) Mossberg International, model 715T, .22 caliber rifle, bearing serial number ELG3435069, with 30 round magazine;

(h) Ruger, model GP1OO, .357 caliber revolver, bearing serial number 176-77266, with two speed loaders;

(i) Phoenix Arms Co., model Raven, .25 caliber pistol, bearing serial number 3172738, with magazine;

(j) Ruger, model P95, 9mm pistol, bearing serial number 314-82516; and

(k) miscellaneous ammunition, magazines and silencers.

3. Upon the entry of this order, the United States Attorney General is authorized to seize the above-listed property and conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

4. Upon entry of this order, the United States Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this order.

5. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

6. Any person, other than the above-named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c) which incorporates 21 U.S.C. § 853(n)(6).

7. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the subject property following the court's disposition of all third-party interests, or, if no such petitions are filed, following the expiration of

the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 28 U.S.C. § 2461(c), for the filing of third-party petitions.

10. The court shall retain jurisdiction to enforce this order and to amend it as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

11. It is further ORDERED that the clerk of the court shall note entry of this order in writing on the Judgment in a Criminal Case and forward a certified copy of this order to the United States Attorney's Office.

DONE, this the 30th day of April, 2018.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE